No. 14-0662 -    *Teri Sneberger v. Jerry Morrison, d/b/a Jerry Morrison Construction, and James Phillips*

**FILED**

**June 11, 2015**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Davis, Justice, joined by Benjamin, Justice, dissenting:

In this appeal, the plaintiff sought a new trial on the grounds that the trial court abused its discretion in placing a time limitation on the presentation of her evidence.[1] The majority found that the trial court did not abuse its discretion. It is obvious from the scant analysis set forth in the majority opinion regarding the time limitation assignment of error that the majority lacks any clear understanding of how to actually try a lawsuit in circuit court. For the reasons set out below, I am compelled to dissent.

The record in this case is clear in establishing that the parties and the trial court agreed at a pretrial conference, held on January 31, 2013, that the presentation of evidence should be completed within three days. At no time prior to trial was there ever any discussion or determination that the parties would be limited in the time that they would have to present their evidence. The plaintiff, believing that she could take as much time as she needed to present her evidence, methodically prepared her case for trial in a manner that was most efficient for presenting her case. The trial began on August 14, 2013. As the majority

---

[1]The plaintiff cited other grounds for relief, but I believe the majority opinion correctly resolved those issues.

1

opinion acknowledges, in the middle of the plaintiff's direct examination of her first witness, the trial court unexpectedly informed the parties that they would each have only five-and-one-half hours to present their evidence. The plaintiff was stunned, to say the least. Indeed, even "the trial court noted that this procedural move was 'not fair' and could have an effect on the questioning by counsel." The plaintiff objected to the decision and stated her reasons as follows:

> COUNSEL FOR PLAINTIFF: . . . The plaintiff is the person who filed a pretrial memo in this case, to have some sort of understanding of who the witnesses were going to be.
>
> My understanding from their disclosures during the course of the case was that [defendant] Morrison was going to testify on his behalf, and that [defendant] Phillips was going to testify on his behalf and that he might call Mr. King and Mr. Roth, who were both very short expert witnesses.
>
> And so my understanding from that was that between them they would take a day to try their part of the case, which is what they just said, about half-day each. So when I agreed and said we could try this case in three days, that was with that understanding and the fact that between the fact witnesses I've got and the experts who I have scheduled to be here tomorrow, that I would have two days to get this done.
>
> And I've been put on a clock before. But it's always been in advance of trial so we can adequately prepare. So from that standpoint, I would ask the Court to reconsider, allow me to finish my case tomorrow.

In order to justify its ruling herein, the majority disingenuously omits any mention of the plaintiff's timely objection. Instead, the majority opinion quotes the *pretrial*

2

conference colloquy, during which the trial court clearly expressed its intent to give the parties three days to try their case. During the trial, however, the trial court, abruptly, and of its own accord, imposed a strict time limitation upon the parties, requiring them each to fully present their case in a mere five-and-one-half hours. In so ruling, the trial court rejected the plaintiff's request to present her case in the manner in which she had anticipated in reliance on the trial court's prior ruling scheduling the matter as a three-day trial.

There is no question that "[t]rial courts have discretion to place *reasonable* limits on the presentation of evidence to prevent undue delay, waste of time, or needless presentation of cumulative evidence." *Johnson v. Ashby*, 808 F.2d 676, 678 (8th Cir. 1987) (emphasis added). This is not the issue in the case *sub judice*. Here, there was a gross abuse of that discretion. It has been recognized that trial courts "should impose time limits only when necessary, after making an informed analysis based on a review of the parties' proposed witness lists and proffered testimony, as well as their estimates of trial time." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 610 (3d Cir. 1995). That did not occur in this case. This proceeding involved a completely arbitrary decision to disrupt the plaintiff's trial preparation. Moreover, based upon the plaintiff's representations to the trial court, this arbitrary decision impacted only the plaintiff's case – the defendants admitted that they could quite easily present their case within the time allotted. In other words, the arbitrary decision had no impact whatsoever on the defendants' presentation of their

3

evidence. The majority opinion found this was fair and did not constitute an abuse of discretion. While we all are entitled to our differences of opinion, I do not believe that any reasonable person would find the trial court's ruling fair. In fact, it reeks of unfairness.

Arbitrary time limits may violate a party's due process rights. The following was said in *In re Marriage of Ihle*, 577 N.W.2d 64 (Iowa Ct. App. 1998):

> [A]rbitrary, inflexible time limits can impose a serious threat to due process principles. Justice cannot always be achieved within the orderly environment of an assembly line. The importance of evidence is often not understood until all the evidence is heard. Thus, judges must not sacrifice their primary goal of justice by rigidly adhering to time limits in the name of efficiency. . . . Furthermore, public confidence in the justice system tends to become tarnished when a trial concludes without an opportunity for the parties to present all the evidence they believe to be important.

*Id.*, 577 N.W.2d at 68 (quotations and citation omitted). It also has been said that "[a]rbitrary time limits . . . undermine the integrity of the trial proceedings[.]" *AC v. AC*, 134 Haw. 221, 235, 339 P.3d 719, 733 (2014) (Pollack, J., concurring). This observation never has been more true than in this case. The plaintiff followed the rules. At the pretrial conference, the trial court and all parties agreed to a time limit that would provide to the plaintiff two days to present her case. The defendants understood that, together, they could present their cases in one day. Armed with this knowledge, the trial court agreed that three days should be sufficient. Without the slightest warning, however, the circuit court altered the pretrial plan in the midst of trial. The decision in *Maloney v. Brassfield*, 251 P.3d 1097 (Colo. App.

4

2010), addressed this type of situation as follows:

> A trial court should not impose trial time limits without sufficient warning for the parties to plan accordingly. . . .
>
> Absent unexpected developments, . . . a trial court should not change the agreed-upon time limits once trial is underway.

*Id.*, 251 P.3d at 1103.  In the instant case, the trial court broke all of the rules.  Adding insult to injury, the majority has sanctioned such conduct.

Finally, I will note that the court in *Goodwin v. Goodwin*, 618 So. 2d 579, 583 (La. Ct. App. 1993), held that a "trial judge should . . . set reasonable time limits for the presentation of the evidence, rather than arbitrary time limits."  To assist trial judges in making the determination to impose time limits, the court in *Goodwin* held that trial courts should consider the following: (1) prior to imposing time limitations, a trial judge should be familiar with the claims of the parties, the proposed testimony, number of witnesses, and the documentary evidence to be presented; (2) if time limits are used, they should be imposed on all parties; (3) time limits should be imposed before any party presents evidence, and sufficiently in advance of trial for the litigants to prepare for trial within the limits imposed; and (4) the trial judge should inform the parties before the trial begins that reasonable extensions of the time limits will be granted for good cause shown.  *Goodwin*, 618 So. 2d at 583-84.  The guidelines set out in *Goodwin* illustrate fairness to the litigants and the judicial process.  The majority opinion represents an attack on the basic fairness and due process

rights that must be inherent in, and is essential to, every trial.

For these reasons, I dissent.  I am authorized to state that Justice Benjamin joins me in this dissenting opinion.